AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
для for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
May 04, 2020
SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.  20-CR-06002-SAB-4 |
| JOHNNY MANUEL SAVALA ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

- ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☑ Participation in criminal activity while on probation, parole, or supervision
- ☑ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ☑ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 05/04/2020                               /s Mary K. Dimke
                                              United States Magistrate Judge

On April 23, 2020, the Court conducted a detention hearing. At the conclusion of the hearing, the Court requested additional information from the United States Probation/Pretrial Services Office related to pending charges against Defendant and the criminal history of a resident at the proposed release address, ordered that Defendant undergo an in-custody substance abuse assessment, and continued the detention hearing. On April 30, 2020, the Court reconvened for the detention hearing. The Court concluded that Defendant had not overcome the presumption of detention, that no conditions could be crafted to reasonably assure his appearance at court and the safety of the community, and that detention was warranted.

Defendant is charged with conspiracy to possess with intent to distribute methamphetamine. The United States proffered that Defendant is a member of a drug trafficking organization responsible for distributing substantial quantities of fentanyl-laced pills and methamphetamine. It was proffered that, in November and December of 2019, investigations of Defendant's co-defendants, Sanchez and Orduno, led to the execution of multiple search warrants revealing large quantities of methamphetamine, fentanyl-laced pills, multiple firearms, cell phones, and drug ledgers, and the eventual arrests of co-Defendants Orduno (Dec. 2019) and Sanchez (Feb. 2020). It was proffered that Defendant was linked to co-Defendant Orduno through cell phone communications and indications in the seized drug ledgers and was identified as a distributor in the organization. It was further alleged that co-Defendant Orduno, from custody through coded jail calls, ordered a drive-by shooting of Defendant's mother's residence due to outstanding drug debts owed by Defendant. The allegations against Defendant are serious and the quantities of controlled substances and firearms associated with the organization are indicative of potential danger to the community if Defendant were to be released.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffer, which included evidence seized from search warrants, there is sufficient weight to the case to give the Court concern as to potential dangerousness and risk of nonappearance.

Turning to his history and characteristics, Defendant is 33 years old, was born in Washington, and is a lifelong resident of Moses Lake. He has strong ties to the community; his mother, siblings, grandparents, girlfriend, and five children reside in Moses Lake. He has a limited employment history; he worked for an industrial chemical plant for a year and a half, worked temporarily as a roofer, and

was unemployed for two months prior to his arrest. Defendant's residential history has been somewhat sporadic, but he has primarily resided with his grandparents and his mother.

Defendant has an extensive criminal history, dating back to when he was 14 years old, which includes violent offenses and which documents repeated noncompliance with court orders. He has multiple charges and convictions for assaults (2001, 2005 – additional charge for interfering with DV report dismissed, 2006 – additional charges for assault and interfering with DV report dismissed, 2007 (third degree assault substantial pain) – additional assault charge dismissed, 2009, and 2012 – charge dismissed), and was convicted of a weapons offense in 2001. He also has multiple convictions for controlled substance violations (2002, 2003, 2005), and a history of negative interactions with law enforcement (2001 – obstructing law enforcement, 2009 – refusal to comply (dismissed), 2008 – attempt to elude, and 2011 – false statement (dismissed)). Notably, he has had bench warrants (over 85) issued in nearly every case, has failed to appear at least 15 times, to include as recently as November 2019, and has failed to comply numerous times. This pattern of noncompliance is indicative of an unwillingness to comply and gives the Court little assurance that Defendant would follow any conditions it sets or appear for court. Defendant's recent conduct, leading to the pending charges out of Grant County, exacerbates these concerns. On December 12, 2019, Defendant was arrested after he allegedly fled from law enforcement attempting to initiate a traffic stop, caused a high speed vehicular pursuit to ensue, during which he drove erratically and disposed of narcotics by throwing them out his window,[1] and fled on foot before he was apprehended. Ten days later, while those charges remained pending, Defendant was arrested and charged with third degree assault bodily harm by weapon after allegedly assaulting his girlfriend with a glass bottle. On this record, the Court finds that no conditions can be crafted to reasonably ensure the safety of the community and Defendant's continued appearance at court.

Finally, Defendant indicates he has a history of substance abuse issues and completed treatment five to six years ago, but has since relapsed. He underwent a substance abuse assessment which recommended inpatient treatment and secured a treatment bed starting on May 7, 2020. *See* ECF No. 119. He proposes being released into treatment and then residing with his grandparents or sister in Moses

---

[1] It was proffered that a subsequent search of the vehicle revealed methamphetamine.

Lake. While the Court agrees that Defendant would benefit from substance abuse treatment, in light of his criminal history, the seriousness of the instant allegations against him, including the pending charges out of Grant County, and the minimal supervision currently available for those on pretrial release, the Court finds detention is warranted at this time.